IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 2:06-cr-10-MHT
)
MARNEKIA DESHAY MILNER )

**PLEA AGREEMENT**

DEFENSE COUNSEL:         DON W. BETHEL

ASSISTANT U.S. ATTORNEY:   KENT B. BRUNSON

**COUNT AND STATUTES CHARGED:**

Count One           18 U.S.C. § 1168(b)

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count One           18 U.S.C. § 1168(b)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count One           18 U.S.C. § 1168(b)
Sentence of not more than $250,000 and a term of imprisonment of not more than 20 years, or both. Special Assessment of $100.00 and a term of supervised release of not more than 3 years.

**ELEMENTS OF THE OFFENSE:**

Count One           18 U.S.C. § 1168(b)
  First:   That the money described in the indictment belonged to a gaming establishment operated by or licensed by an Indian tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission.
  Second:  The defendant converted such money to his own use or use of another.
  Third:   The defendant did so knowingly and willfully with intent to deprive the owner of the money taken.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Kent B. Brunson, Assistant United States Attorney, and Don W. Bethel, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to Count One of the indictment, the attorney for the government will do the following:

   a. The government will agree, that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

2. The Government will not object to a sentence of probation if defendants falls within an advisory sentencing guideline range that provides for probation.

3. The government will recommend a sentence at the low end of the appropriate advisory guideline range.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

5. The defendant agrees to the following:

   a. To plead guilty to Count One of the Indictment.

2

    b.    Defendant will agree to make full restitution for amount to be determined by probation office and is expected to be approximately $10,000.00.

## FACTUAL BASIS

    c.    The defendant understands the nature of the charge to which the plea is offered involves proof that on or about the 29th day of March, 2004, in Montgomery, Alabama, within the Middle District of Alabama,

MARNEKIA DESHAY MILNER,

defendant herein, then being an employee, cashier/counter of the Poarch Band of Creek Indians at the Tallapoosa Entertainment Center Casino, located in Montgomery, Alabama, willfully misapplied and carried away with intent to steal, approximately $10,000.00 belonging to the Tallapoosa Entertainment Center Casino, a gaming establishment operated by and licensed by the Poarch Band of Creek Indians, an Indian tribe pursuant to an ordinance and resolution approved by the National Indian Gaming Commission in violation of Title 18, United States Code, Section 1168(b).

## DEFENDANTS' UNDERSTANDING AND ACKNOWLEDGMENT

6.    The defendant, before entering a plea of guilty to Count One of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a.    The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b.    The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment is to be paid by the defendant on the date of

sentencing.

 c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

 d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

 e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

 f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the

Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

i. The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

This **21st** day of July, 2006.

                                      Respectfully submitted,

                                      LEURA GARRETT CANARY
                                      UNITED STATES ATTORNEY

                                      /s/ Louis V. Franklin, Sr.
                                      Louis V. Franklin, Sr.
                                      Chief, Criminal Section
                                      Post Office Box 197
                                      Montgomery, Alabama 36101
                                      (334)223-7280


                                      /s/ Kent B. Brunson
                                      Kent B. Brunson
                                      Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DON W. BETHEL.

_____
Marnekia Deshay Milner
Defendant

7-21-06
_____
Date

_____
Don W. Bethel
Attorney for the Defendant

21 July 2006
_____
Date